# IN THE COURT OF APPEALS OF IOWA

No. 14-2159
Filed August 5, 2015

**IN THE INTEREST OF B.W.,**
**Minor Child,**

**C.W., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Lee (South) County, Gary R. Noneman, District Associate Judge.

A mother appeals the termination of her parental rights to her child born in 2013. **AFFIRMED.**

Kimberly A. Auge of Napier, Wolf, Popejoy & Auge, L.L.P., Fort Madison, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Michael Short, County Attorney, and Clinton R. Boddicker, Assistant County Attorney, for appellee State.

Kendra Abfalter of the Public Defender's Office, Burlington, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, P.J.**

A mother appeals the termination of her parental rights to her child, born in 2013. She contends (1) the record lacks clear and convincing evidence to support the ground for termination cited by the district court and (2) termination was not in the child's best interests.

## I.    Clear and Convincing Evidence

The district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h) (2013), which requires proof of several elements—including proof that a child cannot be returned to the parent's custody. On our de novo review, we find clear and convincing evidence to support this ground.

The child was removed from the mother's custody after the mother broke a large bone in his leg. The mother initially cooperated with services to address various issues, including difficulty controlling her anger. Although her attendance at counseling sessions fell off for a period of time, she showed promise in other areas, and the district court granted her six additional months to work towards reunification.

At the time of the termination hearing, the mother had secured and maintained employment for almost a year, obtained stable housing, regularly attended two supervised visits a week with her child,[1] and consistently attended counseling sessions. The district court acknowledged her "quite frankly surprising progress in establishing personal stability on several levels." At the same time, the court found the mother was "largely no more able or competent to

---

[1] She sought and obtained a third weekly visit but failed to attend those visits due to transportation issues, as well as oversleeping and forgetfulness.

parent a young child than she was when the case first began." We concur in this assessment.

The service provider assigned to supervise visits testified that as recently as two months before the termination hearing, the mother let her anger get the better of her. During a visit at her home, she "slam[med] things down around on the table" and failed to focus on her child, who was eating his lunch. The service provider was forced to assist the child with his meal. While she acknowledged the mother had progressed in her ability to accept instruction and apply parenting techniques and coping skills, she nonetheless opined the child could not be safely returned to the mother's care.

The department social worker assigned to the case agreed. She testified the mother got "frustrated, agitated" during visits and "kind of shut" her out. The mother's agitation caused her to lose focus and required redirection by the service provider. The social worker conceded she could have been the trigger for the mother's frustration but noted the mother's inability to control those "anger and her frustration levels" would "affect her ability to parent" the child. She also cited the mother's limited understanding of the child's developmental stages "and safety needs." In her view, the mother required the support of her worker the entire time of the visit to be able to safely parent the child.

Because clear and convincing evidence supports the district court's finding that the child could not be returned to the mother's custody, we affirm termination under section 232.116(1)(h).

## II.     *Best Interests of the Child*

The mother also contends termination was not in the child's best interests. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010).   We disagree.   The child sustained a severe injury at the mother's hands.   In the ensuing seventeen months, the mother failed to develop the skills to manage her anger and safely parent her child.   Accordingly, we conclude termination was in the child's best interests.

**AFFIRMED.**